Janine K. Jeffery, Esq. CBN 112639
 Jjeffery@reilyjeffery.com
REILY & JEFFERY, INC.
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
Telephone:  (818) 350-6282
Fax No.:  (818) 350-6283

Attorneys for Defendant, J. Gonzalez, D. Garcia, and D. Negrete

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| GUNTER D. THESUS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>S. RAMOS, D. NEGRETE, J. GONZALEZ, D. GARCIA, YBARRA,<br><br>　　　　Defendants. | CASE NO. 1:20-cv-00593-NONE-JLT<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*(File Concurrently with Separate Statement of Undisputed Facts; Declaration of J. Stone; and [Proposed] Order)*<br><br>Hon. Jennifer L. Thurston<br>United States Magistrate Judge<br><br>**No Oral Argument Required** |

TO THE COURT AND PLAINTIFF THESUS GUNTER *PRO SE*:

　　Notice is hereby given that Defendants J. Gonzalez, D. Garcia, and D. Negrete hereby move the Court for summary judgment under Federal Rules of Civil Procedure, Rule 56 based on Plaintiff's failure to exhaust administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. Section 1997e(a).  Oral argument is not requested.

　　This motion is made on the ground that Defendants are entitled to judgment as a matter of law because there is no genuine dispute that Plaintiff failed to exhaust the prison's administrative grievance procedures before filing suit.

1    This Motion is based on this Notice of Motion and Motion for Summary Judgment, the
2    accompanying Memorandum of Points and Authorities, the Statement of Uncontroverted Facts
3    and Conclusions of Law, the Declaration of J. Stone, all pleadings and papers on file in this action,
4    and such other matters as the Court may deem appropriate.

6    Dated:  September 23, 2021                REILY & JEFFERY, INC.

8                                              */S/ Janine K. Jeffery*
                                               Janine K. Jeffery
9                                              Attorney for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

At all relevant times, Plaintiff was an inmate within the California Department of Corrections and Rehabilitation. Plaintiff admits that he did not exhaust his administrative remedies but makes the unsubstantiated claim that he filed a 602 at the first level but it was not answered in an effort to "stop or stall a civil rights violation claim." The undisputed evidence, however, is that CDCR did not receive a 602 from Plaintiff for anything related to his excessive force claim. In 2017, if an inmate submitted a Form 22 saying he did not receive a response to a CDCR 602, the appeals office would review the IATS and if it did not show record of receipt, the inmate would be provided with a 602 form and told to resubmit it. He did neither of these things. Indeed, if Plaintiff's claim that he filed a 602 which never got answered is enough to circumvent the mandatory requirements of the Prison Litigation Reform Act ("PLRA"), any inmate who so chose could make this claim, thereby bypassing and ultimately negating the exhaustion requirements contained in the PLRA.

## II. SUMMARY OF RELEVANT FACTS

Plaintiff, who is proceeding pro se, filed this action pursuant to 42 U.S.C. Section 1983 on April 22, 2020 while he was incarcerated at Salinas Valley State Prison. (SUF ¶ 1) Plaintiff alleges that the moving defendants along with defendant Ramos used excessive force against him on April 22, 2017 while he was incarcerated at the California Correctional Institution ("CCI"). (SUF ¶ 2) Plaintiff seeks compensatory and punitive damages against the Defendants. (SUF ¶ 3)

Plaintiff has admitted that he did not exhaust his administrative remedies but claims that "the 602 was never answered by staff in an attempt to stop or stall a civil rights violation claim." (Complaint, ECF # 1, p. 2) (SUF ¶ 4)

In fact, Plaintiff did not exhaust his administrative remedies. Despite tracking all appeals, CCI does not have any record that Plaintiff ever filed an appeal regarding the April 22, 2017 incident. (SUF ¶¶ 14-15) Further, CDCR does not have any record that Plaintiff filed an appeal in which he claimed that any earlier alleged appeal was lost. (SUF ¶ 15) Plaintiff, however, filed

two other appeals during 2017 demonstrating that the appeals process was, in fact, available to him.  (SUF ¶¶ 11-12)

### III. ARGUMENT

#### A. Standard On Summary Judgment For Failure To Exhaust Administrative Remedies

The PLRA requires that "a prisoner confined in any jail, prison, or other correctional facility" exhaust all available administrative remedies before initiating a civil action with respect to prison conditions. 42 U.S.C. § 1997e(a).  The demonstration of exhaustion is not a pleading requirement; rather, a plaintiff's failure to exhaust administrative remedies is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 204 (2007). Excluding "the rare event that a failure to exhaust is clear on the face of the complaint," *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (*en banc*), the proper procedural vehicle for a defendant to raise the exhaustion affirmative defense is through a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *Id*. at 1168.

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In the context of moving for summary judgment based on the failure to comply with the PLRA's exhaustion requirement, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino,* 747 F.3d at 1172. If the defendant satisfies this initial burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*.  If the undisputed evidence, construed in the light most favorable to the prisoner, demonstrates a failure to exhaust available administrative remedies, then summary judgment should be granted.  *Id*. at 1166.

///

///

///

B. **Compliance With The Prison Litigation Reform Act's Exhaustion Requirement Is Mandatory**

The PLRA mandates that no action under § 1983 with respect to prison conditions "shall be brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This exhaustion requirement is mandatory—not discretionary.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

A claim must be administratively exhausted before it is brought in a lawsuit.  *Porter v. Nussle,* 534 U.S. 516, 524 (2002); see also *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014) ("The Ninth Circuit has explained that Congress purposefully made exhaustion a precondition to suit, rather than to judgment").  Once a claim is brought, the exhaustion requirement is not satisfied if the claim is exhausted during the pendency of the case. *See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (*per curiam*); *cf. Cano*, 739 F.3d at 1221 (holding "that federal claims which are added to a suit via an amendment and which are administratively exhausted prior to that amendment, comply with the PLRA's exhaustion requirement").  The Ninth Circuit has recognized, however, that exhaustion is not required under the PLRA "when circumstances render administrative remedies 'effectively unavailable.'"  *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010); *see also Albino*, 747 F.3d at 1171.

C. **At All Relevant Times, CDCR Had a Comprehensive Appeal Process**

In California, "[a]ny inmate or parolee under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety or welfare."  In 2017, the California Code of Regulations, Title 15, §§ 3084-3084.9 set forth CDCR's administrative appeal procedures.[1]  Under the procedures in effect in 2017, Plaintiff was required

---

[1] The regulations that set out the features of the administrative process for California prisoners underwent a substantial restructuring last year. On March 25, 2020, and effective June 1, 2020, California Code of Regulations Title 15, sections 3084 through 3084.9 were repealed and replaced with renumbered and amended provisions at sections 3480 through 3487.  All the citations in this brief to California regulations are to the regulations in place in 2017, rather than to the current regulations.

to submit an appeal regarding the April 22, 2017 incident directly through institutional mail to the appeals coordinator's office for receipt and processing. Plaintiff had thirty calendar days to submit his appeal from the occurrence of the event or decision being appealed, or upon first knowledge of the action or decision being appealed. (SUF ¶ 6) In his complaint, Plaintiff admitted that there was a grievance procedure available at his institution. (SUF ¶ 5)

### D. Plaintiff Failed to Exhaust his Administrative Remedies Regarding Defendants' Alleged Use of Excessive Force on April 22, 2017

In 2017, when an appeal was submitted to the Appeals Coordinator's Office for review, it was immediately assigned a log number—regardless of its disposition—for tracking purposes and to prevent inmates from alleging that staff lost or destroyed the appeal. (SUF ¶ 7) Each non-health care appeal was also entered into the Inmate Appeals Tracking System ("IATS"). (SUF ¶ 8) In 2017, if an inmate submitted a Form 22 saying he did not receive a response to a CDCR 602, the appeals office would review the IATS and if it did not show record of receipt, the inmate would be provided with a 602 form and told to resubmit it. (SUF ¶ 9)

The IATS for Plaintiff shows that Plaintiff filed two non-health care 602s in 2017. Plaintiff's first 2017 appeal, Log No. CCI-0-17-01162, was filed on April 17, 2017 as an emergency appeal. It involved a complaint by Plaintiff about the scheduling of a family visit. (SUF ¶ 11) Plaintiff's second 2017 appeal, Log No. CCI-0-17-02014, was submitted on July 18, 2017. In it, Plaintiff complained that he had received two separate 115's (rule violation reports) for one incident. In the Action Requested section, Plaintiff wrote "I would like my case to be reviewed and corrected or dismissed due to documents being falsified by Tehachapi." (SUF ¶ 12)

The CCI Appeals Office did not receive any appeal from Plaintiff regarding any claim that he was the victim of excessive force on April 22, 2017. (SUF ¶ 13) Similarly, there is not record that the CCI Appeals Office received any appeal from Plaintiff naming J. Gonzalez, D. Garcia, D. Negrete or S. Ramos. (SUF ¶ 14) Further, there is no record that the CCI Appeals Office received any appeal in 2017 by Plaintiff claiming that any 602 he filed had been lost. (SUF ¶ 15)

///

///

## IV. CONCLUSION

Plaintiff failed to exhaust his administrative remedies and as such, summary judgment in favor of Defendants is warranted.

Dated: September 23, 2021				REILY & JEFFERY, INC.


						*/S/ Janine K. Jeffery*
						Janine K. Jeffery
						Attorney for Defendants

## PROOF OF SERVICE

I, Leslie C. Toledo, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5850 Canoga Avenue, Suite 400, Woodland Hills, California 91367.

On September 23, 2021, I served the foregoing document described as **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

Gunter D. Thesus CDCR# AV4290
SALINAS VALLEY STATE PRISON (1050)
PO BOX 1050
SOLEDAD, CA 93960-1050
*In Pro Pre*

___   **BY OVERNITE EXPRESS OVERNIGHT MAIL.** The documents were placed in sealed, addressed packages for overnight delivery on this date in the ordinary court of business, with all charges prepaid for overnight delivery, to be deposited in a facility regularly maintained by the overnight delivery carrier, or delivered to a courier or driver authorized by the overnight delivery carrier to receive such packages.

__X__   **BY FIRST CLASS MAIL:** The documents were placed in a sealed, addressed envelope. I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___   **BY FACSIMILE TRANSMISSION.** I caused said document to be transmitted by Facsimile machine to:

Executed on September 23, 2021 at Burbank, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Leslie C. Toledo*
Leslie C. Toledo