1   Janine K. Jeffery, Esq. CBN 112639
     Jjeffery@reilyjeffery.com
2   REILY & JEFFERY, INC.
    5850 Canoga Avenue, Suite 400
3   Woodland Hills, California 91367
    Telephone:  (818) 350-6282
4   Fax No.:  (818) 350-6283

5   Attorneys for Defendant, J. Gonzalez, D. Garcia, and D. Negrete

6

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  GUNTER D. THESUS,                    )   CASE NO. 1:20-cv-00593-NONE-JLT
                                         )
12              Plaintiff,               )   **STATEMENT OF UNDISPUTED FACTS
                                         )   IN SUPPORT OF MOTION FOR
13         vs.                           )   SUMMARY JUDGMENT BASED ON
                                         )   PLAINTIFF'S FAILURE TO EXHAUST
14  S. RAMOS, D. NEGRETE, J. GONZALEZ, D. )   ADMINISTRATIVE REMEDIES**
    GARCIA,                              )
15                                       )   *(Filed Concurrently with Notice of Motion and
                Defendants.              )   Motion; Declaration of J. Stone; and
16                                       )   [Proposed] Order)*
                                         )
17                                       )   Hon. Jennifer L. Thurston
                                         )   United States Magistrate Judge
18                                       )
                                         )   **No Oral Argument Required**
19                                       )
    _____ )
20

21

22

23         Defendants J. Gonzalez, D. Garcia, and D. Negrete submit the following statement of

24  undisputed facts in support of their motion for summary judgment on exhaustion.

25  ///

26  ///

27  ///

28  ///

| MOVING PARTIES UNDISPUTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1.  Plaintiff filed this action under 42 U.S.C. Section 1983 on April 22, 2020 while he was incarcerated at Salinas Valley State Prison. <u>Supporting Evidence</u>: Complaint, ECF # 1, page 28 | |
| 2.  Plaintiff alleges that Defendants Gonzalez, Garcia, Negrete and Ramos used excessive force against him on April 22, 2017 while he was incarcerated at the California Correctional Institution ("CCI") <u>Supporting Evidence</u>: Complaint, ECF # 1, page 1 | |
| 3.  Plaintiff seeks compensatory and punitive damages against the Defendants. <u>Supporting Evidence</u>: Complaint, ECF # 1, page 3 | |
| 4.  Plaintiff has admitted that he did not exhaust his administrative remedies but claims that "the 602 was never answered by staff in an attempt to stop or stall a civil rights violation claim." <u>Supporting Evidence</u>:  Complaint, ECF # 1, page 2 | |
| 5.  At all relevant times, CCI had a comprehensive appeal process available to inmates at CCI. <u>Supporting Evidence</u>: Stone Decl., ¶ 4, | |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

| | | |
|---|---|---|
| 1 | Complaint; ECF # 1, page 2 | |
| 2 | 6.  Plaintiff had thirty calendar days to submit | |
| 3 | his appeal from the occurrence of the event or | |
| 4 | decision being appealed, or upon first | |
| 5 | knowledge of the action or decision being | |
| 6 | appealed. | |
| 7 | <u>Supporting Evidence</u>:  Stone Decl., ¶ 5 | |
| 8 | 7.  In 2017, when an appeal was submitted to | |
| 9 | the Appeals Coordinator's Office for review, it | |
| 10 | was immediately assigned a log number— | |
| 11 | regardless of its disposition—for tracking | |
| 12 | purposes and to prevent inmates from alleging | |
| 13 | that staff lost or destroyed the appeal. | |
| 14 | <u>Supporting Evidence</u>:  Stone Decl., ¶ 6 | |
| 15 | 8.  Each non-health care appeal received at CCI | |
| 16 | was also entered into the Inmate Appeals | |
| 17 | Tracking System ("IATS"). | |
| 18 | <u>Supporting Evidence</u>:  Stone Decl., ¶ 6 | |
| 19 | 9.  In 2017, if an inmate submitted a Form 22 | |
| 20 | saying he did not receive a response to a CDCR | |
| 21 | 602, the appeals office would review the IATS | |
| 22 | and if it did not show record of receipt, the | |
| 23 | inmate would be provided with a 602 form and | |
| 24 | told to resubmit it. | |
| 25 | <u>Supporting Evidence</u>:  Stone Decl., ¶ 7 | |
| 26 | /// | |
| 27 | /// | |
| 28 | | |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

| | |
|---|---|
| 10.  The IATS for inmate Gunter shows that Gunter filed two non-health care 602s in 2017.<br><br>Supporting Evidence:  Stone Decl., ¶ 9 and Exhibit A thereto | |
| 11.  Gunter's first 602 appeal in 2017, Log No. CCI-0-17-01162, was filed on April 17, 2017 as an emergency appeal.   It involved a complaint by Gunter about the scheduling of a family visit.<br><br>Supporting Evidence:  Stone Decl., ¶ 9 and Exhibit B thereto | |
| 12.  Gunter's second 602 appeal in 2017, Log No. CCI-0-17-02014, was submitted on July 18, 2017.  In it, Gunter complained that he had received two separate 115's (rule violation reports) for one incident.  In the Action Requested section, Gunter wrote "I would like my case to be reviewed and corrected or dismissed due to documents being falsified by Tehachapi."<br><br>Supporting Evidence:  Stone Decl., ¶ 9 and Exhibit C thereto | |
| 13.  There is no record in the CCI Appeals Office that any grievance was received from inmate Gunter in which he claimed that he was the victim of excessive force on April 22, 2017.<br><br>Supporting Evidence:  Stone Decl., ¶ 10<br><br>/// | |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

| | |
|---|---|
| 14.  There is no record in the CCI Appeals Office that any grievance was received from Gunter naming any of the defendants in this case:  J. Gonzalez, D. Garcia, D. Negrete or S. Ramos.<br>Supporting Evidence:  Stone Decl., ¶ 11 | |
| 15.  There is no record in the CCI Appeals Office that Gunter filed any appeal claiming that any earlier appeal he filed in 2017 had been lost.<br>Supporting Evidence:  Stone Decl., ¶ 12 | |

Dated:  September 23, 2021          REILY & JEFFERY, INC.


                                          /S/ Janine K. Jeffery
                                          Janine K. Jeffery
                                          Attorney for Defendants

5

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

<u>PROOF OF SERVICE</u>

I, Leslie C. Toledo, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5850 Canoga Avenue, Suite 400, Woodland Hills, California 91367.

On September 23, 2021, I served the foregoing document described as **STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** on the interested parties in this action as follows:

Gunter D. Thesus CDCR# AV4290
SALINAS VALLEY STATE PRISON (1050)
PO BOX 1050
SOLEDAD, CA 93960-1050
*In Pro Pre*

___   **BY OVERNITE EXPRESS OVERNIGHT MAIL.**  The documents were placed in sealed, addressed packages for overnight delivery on this date in the ordinary court of business, with all charges prepaid for overnight delivery, to be deposited in a facility regularly maintained by the overnight delivery carrier, or delivered to a courier or driver authorized by the overnight delivery carrier to receive such packages.

_X_   **BY FIRST CLASS MAIL:** The documents were placed in a sealed, addressed envelopes.  I caused such envelopes to be deposited in the mail at Los Angeles, California.  The envelope was mailed with postage fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___   **BY FACSIMILE TRANSMISSION.**  I caused said document to be transmitted by Facsimile machine to:

Executed on September 23, 2021 at Burbank, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Leslie C. Toledo*
_____
Leslie C. Toledo

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES