Harry S. Stern, SBN 176854
RAINS LUCIA STERN ST. PHALLE & SILVER, PC
220 Montgomery Street, 15th Floor
San Francisco, CA 94104
Tel: (415) 341-9341
Fax: (925) 609-1690
Email: HStern@RLSlawyers.com

Attorneys for Defendant
SONIA RAMOS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUNTER D. THESUS,<br><br>            Plaintiff,<br>     v.<br><br>SONIA RAMOS, et al.,<br><br>            Defendants. | CASE NO. 1:20-cv-0593-NONE-JLT (PC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom:   6<br>Judge:         The Honorable Jennifer L. Thurston<br>Trial Date:    Not Set<br>Action Filed: April 22, 2020 |

## I. INTRODUCTION

Plaintiff Gunter D. Thesus, a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), brought this action against Defendant Ramos (and others) for alleged violations of his federal constitutional rights. Plaintiff asserts section 1983 claims against Ramos for excessive force and cruel and unusual punishment. Under 42 U.S.C. § 1997e, Plaintiff was required to exhaust available administrative remedies before bringing this action concerning his claims. However, both Plaintiff's verified allegations in his complaint and the evidence demonstrate that he failed to do so.

As such, Plaintiff is barred from bringing suit. The Court should therefore grant this motion and enter Judgment in favor of Ramos.

## II. RELEVANT FACTS

Plaintiff is a prisoner in the custody of CDCR. (Statement of Undisputed Facts ("SUF") 1.) Plaintiff answered "yes" as to whether there is an inmate grievance or administrative remedy process available at his institution. (SUF 4.) Plaintiff also responded "yes" that he filed a grievance concerning the facts in his complaint. (SUF 4.) Plaintiff also alleges, however, that his grievance ("602") "was never answered by staff" – purportedly "in an attempt to stop or stall a civil rights violation claim." (SUF 4.)

CDCR tracks administrative grievances in a computerized database – a procedure done specifically to prevent inmates from asserting that CDCR staff "lost" grievances. (SUF 7-8.)

At the time Plaintiff alleges he filed his initial administrative grievance, an inmate was able to inquire into a grievance for which no response was provided by submitting a specified form, or by filing a second grievance regarding contesting the lack of response to the prior grievance. (SUF 9.) Plaintiff does not allege that he pursued any of these available avenues to contest CDCR's alleged lack of response to his initial grievance.

Substantively, Plaintiff alleges that Ramos (and other named defendants) used excessive force against him on April 22, 2017. (SUF 2.)

CDCR's computerized database does not reflect any administrative grievance filed by Plaintiff concerning the allegations against Ramos. (SUF 10-15.)

## III. LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorable to the non-moving party, the movant is clearly entitled to prevail as a matter of law.

2

Fed. Rules Civ. Proc. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex, supra,* 477 U.S. at 322.

A "genuine" issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "material" if it is relevant to an element of a claim or a defense, the existence of which may affect the outcome of the suit. *T.W. Elec. Serv., Inc. v. Pacific. Elec. Contractors Assn.,* 809 F.2d 626, 630 (9th Cir. 1987).

The movant's uncontradicted factual allegations are ordinarily accepted. *John v. City of El Monte,* 515, F.3d 936, 941 (9th Cir. 2008). However, uncorroborated allegations and "self-serving testimony will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002). The non-moving party must set forth "significant probative evidence tending to support the complaint." *T.W. Elec., supra,* 809 F.2d at 630-631.

Summary judgment is appropriately granted where there is no genuine dispute that a plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act. *Albino v. Baca,* 747 F.3d 1162, 1169-1171 (9th Cir. 2014). Exhaustion should be decided, if feasible, before reaching the merits of Plaintiff's claims. *Id.* at 1170.

/ / /
/ / /
/ / /
/ / /
/ / /

## IV. ARGUMENT

**A.  PLAINTIFF MUST EXHAUST THE AVAILABLE ADMINISTRATIVE PROCESS PRIOR TO FILING SUIT UNDER 42 U.S.C. § 1983.**

The Prison Litigation Reform Act of 1995 (PLRA) states in pertinent part that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The primary purpose of the exhaustion requirement is to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle,* 534 U.S. 516, 524-525 (2002). Adherence to the exhaustion requirement achieves this purpose by affording corrections officials time and opportunity to internally address complaints, thereby obviating the need for litigation, or alternatively to produce an administrative record for subsequent litigation that clarifies the issues for adjudication. *Id.* Accordingly, compliance with the exhaustion requirement is mandatory prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). This is so even if the relief sought by the prisoner is not available in the administrative process. *Booth v. Churner,* 532 U.S. 731, 734 (2001).

At all times relevant to Plaintiff's claims, the State of California provided its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." (See Declaration of Zachery A. Lopes ("Lopes Decl."), Exh. B, Cal. Code Regs., tit. 15, § 3084.1(a).)[1]

---

[1] The applicable regulations setting forth the administrative appeals process have been updated since 2017 – the time of the allegations in the Complaint. As reflected in the Lopes Declaration, this Motion refers to and relies upon the regulations in effect in 2017.

This administrative appeal process consists of three "levels" of review. (RJN, Exh. H, Cal. Code Regs., tit. 15, § 3084.7; SUF 5-6.) At the first level of review, CDCR form 602 appeals are submitted to the appeals coordinator at the institution. (*Id.* at § 3084.7(a).) If the inmate has not obtained a satisfactory resolution at the first level, he or she may appeal to the second level. (*Id.* at § 3084.7(b).) The second level must be completed before the inmate may appeal to the third level. (*Id.*) The third level of review constitutes the decision of the Secretary of the CDCR and is conducted under the supervision of the third level Appeals Chief or equivalent. (*Id.* at § 3084.7(c)–(d).)

It is the completion of the third level of review that exhausts administrative remedies. (*Id.* at § 3084.7(d)(3); SUF 5.) The regulations make this explicit. (*See, e.g.,* Lopes Decl. Exh. B, Cal. Code Regs., tit. 15, § 3084.1(a) ["Unless otherwise stated in these regulations, all appeals are subject to a third level of review [] before administrative remedies are deemed exhausted"]). Even cancelation or rejection of an administrative grievance does not constitute full exhaustion of the process. (*Id.*)

It is the administrative regulations themselves – not the PLRA – that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

**B. PLAINTIFF DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES.**

Plaintiff did not exhaust the administrative process regarding the claims in his complaint before bringing this action. Plaintiff's complaint relates to prison conditions in that he alleges claims of excessive force and cruel and unusual punishment against Ramos for alleged acts taken in furtherance of her duties as a correctional officer. As a complaint related to prison conditions, it is subject to the PLRA exhaustion requirement and thus Plaintiff was required to exhaust his administrative remedies prior to filing suit.

The allegations giving rise to Plaintiff's claims against Ramos occurred in February of 2017. (SUF 2.) At the time of Plaintiff's allegations, CDCR regulations provided for a procedure to administratively appeal allegations of staff misconduct. (Lopes Decl., Exh. B, Cal. Code Regs., tit. 15, § 3084.1(a); SUF 5.) Those regulations, in turn, are not exhausted unless and until subject to review at the "third level." (Exh. B, Cal. Code Regs., tit. 15, § 3084.1(a), ["Unless otherwise stated in these regulations, all appeals are subject to a third level of review [] before administrative remedies are deemed exhausted"]; Exh. H, Cal. Code Regs., tit. 15, § 3084.7(d)(3) ["The third level of review exhausts administrative remedies…"].)

The evidence demonstrates that Plaintiff did not file an administrative grievance concerning his allegations against Ramos. A search of CDCR's computerized database reveals only two (non-health care) administrative grievances in 2017. (SUF 10.) One involved an allegation about the scheduling of a family visit. (SUF 11.) The second concerned an appeal of rule violations imposed on Plaintiff. (SUF 12.) There is no record that Plaintiff filed any administrative grievance alleging he suffered excessive force in April of 2017, or any grievance concerning Ramos. (SUF 13, 14.)

Moreover, Plaintiff does not allege, nor is there any record demonstrating, that Plaintiff inquired at all into the purported failure of CDCR to respond to any administrative grievance. (SUF 15.) If Plaintiff believed his administrative grievance was not satisfactorily handled at the first level, his recourse was to either file a "Form 22" or file a new administrative grievance appealing the alleged failure to respond at the first level. (SUF 9; Lopes Decl., Exh. B, Cal. Code Regs., tit. 15, § 3084.1(b).) ["The second level is for review of appeals denied or not otherwise resolved to the appellant's satisfaction at the first level"]; 3084.1(a) ["Any inmate … may appeal any policy, decision, action, condition, or

omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare"].)

The record demonstrates that Plaintiff did not file an administrative grievance concerning the complaint's allegations. And, *even assuming that he did*, the record does not demonstrate that he obtained a third level decision to exhaust his administrative remedies, as required. Accordingly, Plaintiff failed to exhaust his administrative remedies prior to bringing suit, and judgment should therefore be entered in Ramos' favor.

## V.   CONCLUSION

Plaintiff failed to properly exhaust the administrative process for the exact claims he seeks redress before this Court. The Court should therefore grant this motion and enter judgment in favor of Ramos.

Dated: September 23, 2021

Respectfully submitted,

**RAINS LUCIA STERN
ST. PHALLE & SILVER, PC**

/s/ Harry S. Stern
By: Harry S. Stern
Attorneys for Defendant
SONIA RAMOS