Harry S. Stern, SBN 176854
RAINS LUCIA STERN ST. PHALLE & SILVER, PC
220 Montgomery Street, 15th Floor
San Francisco, CA 94104
Tel: (415) 341-9341
Fax: (925) 609-1690
Email: HStern@RLSlawyers.com

Attorneys for Defendant
SONIA RAMOS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUNTER D. THESUS,<br><br>       Plaintiff,<br>   v.<br><br>SONIA RAMOS, et al.,<br><br>       Defendants. | CASE NO. 1:20-cv-0593-NONE-JLT (PC)<br><br>**DECLARATION OF ZACHERY A. LOPES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom:   6<br>Judge:       The Honorable Jennifer L. Thurston<br>Trial Date:    Not Set<br>Action Filed: April 22, 2021 |

I, Zachery A. Lopes, declare as follows:

1.      I am an attorney licensed to practice law before the state and federal courts of the State of California and a member of the law firm of Rains Lucia Stern St. Phalle & Silver, PC, counsel for Defendant Sonia Ramos. If called as a witness, I could competently testify to the matters set forth herein of my own knowledge except those matters declared on information and belief and, as to those matters, I believe them to be true.

2.      Attached hereto as **Exhibit A** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084 of the California Code of Regulations as operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California

Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

3.    Attached hereto as **Exhibit B** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084.1 of the California Code of Regulations as operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

4.    Attached hereto as **Exhibit C** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084.2 of the California Code of Regulations as operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

5.    Attached hereto as **Exhibit D** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084.3 of the California Code of Regulations as operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

6.    Attached hereto as **Exhibit E** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084.4 of the California Code of Regulations as operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

7.    Attached hereto as **Exhibit F** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084.5 of the California Code of Regulations as

2

operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

8.   Attached hereto as **Exhibit G** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084.6 of the California Code of Regulations as operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

9.   Attached hereto as **Exhibit H** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084.7 of the California Code of Regulations as operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

10.   Attached hereto as **Exhibit I** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084.8 of the California Code of Regulations as operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

11.   Attached hereto as **Exhibit J** is a true and correct copy of Title 15, Division 3, Chapter 1, section 3084.9 of the California Code of Regulations as operative in 2017. I obtained this document from the 2017 California Administrative Code Archive as published by the Barclays Official California Code of Regulations, via my law firm's account through LexisNexis (advance.lexis.com).

12.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and was executed on this 23rd day of September, 2021 at San Francisco, California.

_/s/ Zachery A. Lopes_
Zachery A. Lopes

RAINS LUCIA STERN
ST. PHALLE & SILVER, PC

DECLARATION OF ZACHERY A. LOPES ISO MOTION FOR SUMMARY JUDGMENT
(1:20-CV-0593-NONE-JLT (PC))

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## *2017 15 CCR 3084*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS > TITLE 15. CRIME PREVENTION AND CORRECTIONS > DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE > CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS > ARTICLE 8. APPEALS*

# § 3084. Definitions

For the purpose of Article 8, the following definitions shall apply:

**(a)** Appellant means an inmate or parolee who has submitted an appeal.

**(b)** General allegations means allegations that lack specificity or factual evidence to support them.

**(c)** Material adverse effect means a harm or injury that is measurable or demonstrable, or the reasonable likelihood of such harm or injury. In either case, the harm or injury must be due to any policy, decision, action, condition, or omission by the department or its staff.

**(d)** Modification order means an order by the institution, parole region, or third level Appeals Chief directing a previous decision to be modified.

**(e)** Remedy means a process or means to address an issue or correct a wrong.

**(f)** Reviewer means the individual with signature authority for the approval or disapproval of an appeal response at any level.

**(g)** Staff misconduct means staff behavior that violates or is contrary to law, regulation, policy, procedure, or an ethical or professional standard.

**(h)** Supporting documents means documents that are needed to substantiate allegations made in the appeal including, but not limited to, classification chronos, property inventory sheets, property receipts, disciplinary reports with supplements, incident reports, notifications of disallowed mail, trust account statements, memoranda or letters, medical records and written requests for interviews, items or services. Supporting documents do not include documents that simply restate the matter under appeal, argue its merits, or introduce new issues not identified in the present appeal form.

## Statutory Authority

**AUTHORITY:**

Note: Authority cited: *Section 5058, Penal Code*. Reference: *Section 5054, Penal Code*.

## History

**HISTORY:**

1. New section filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day. For prior history, see Register 91, No. 6.

2. Certificate of Compliance as to 12-13-2010 order transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**

# EXHIBIT B

## *2017 15 CCR 3084.1*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS  >  TITLE 15. CRIME PREVENTION AND CORRECTIONS  >  DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE  > CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS  >  ARTICLE 8. APPEALS*

# § 3084.1. Right to Appeal

The appeal process is intended to provide a remedy for inmates and parolees with identified grievances and to provide an administrative mechanism for review of departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect upon the welfare of inmates and parolees. All appeals shall be processed according to the provisions of Article 8, Appeals, unless exempted from its provisions pursuant to court order or superseded by law or other regulations.

(a)  Any inmate or parolee under the department's jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.

(b)  Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted. All lower level reviews are subject to modification at the third level of review. Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, which is incorporated by reference, and addressed through all required levels of administrative review up to and including the third level. In addition, a cancellation or rejection decision does not exhaust administrative remedies.

(c)  Department staff shall ensure that inmates and parolees, including those who have difficulties communicating, are provided equal access to the appeals process and the timely assistance necessary to participate throughout the appeal process.

(d)  No reprisal shall be taken against an inmate or parolee for filing an appeal. This shall not prohibit appeal restrictions against an inmate or parolee abusing the appeal process as defined in section 3084.4, nor shall it prohibit the pursuit of disciplinary sanctions for violation of department rules.

(e)  The department shall ensure that its departmental appeal forms for appeal of decisions, actions, or policies within its jurisdiction are readily available to all inmates and parolees.

(f)  An inmate or parolee has the right to file one appeal every 14 calendar days unless the appeal is accepted as an emergency appeal. The 14 calendar day period shall commence on the day following the appellant's last accepted appeal.

(g)  An appellant shall adhere to appeal filing time constraints as defined in section 3084.8.

# Statutory Authority

**AUTHORITY:**

Note: Authority cited: *Section 5058, Penal Code*. Reference: *Section 5054, Penal Code*; Civil Rights of Institutionalized Persons Act; Title *42 U.S.C. Section 1997* et seq., Public Law 96-247, *94 Stat. 349; Section 35.107, Title 28, Code of Federal R*egulations; and *Wolff v. McDonnell (1974) 418 U. S. 539, 558-560.*

# History

**HISTORY:**

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3003.

2. Certificate of Compliance as to 5-18-89 order including a clarifying change of subsection (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Amendment of subsection (a) filed 1-16-92; operative 2-17-92 (Register 92, No. 13).

4. Amendment of subsections (a) and (d), new subsection (e), and amendment of Note filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to *Penal Code section 5058(e)*, a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

5. Amendment of subsections (a) and (d), new subsection (e), and amendment of Note refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

6. Editorial correction of History 5 (Register 97, No. 24).

7. Certificate of Compliance as to 5-29-97 order, including amendment of subsections (a) and (e), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

8. Amendment of subsection (c) filed 9-13-2005; operative 9-13-2005 pursuant to *Government Code section 11343.4* (Register 2005, No. 37).

9. Amendment of subsection (e) and amendment of Note filed 11-3-2006 as an emergency; operative 11-3-2006 (Register 2006, No. 44). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 4-12-2007 or emergency language will be repealed by operation of law on the following day.

10. Certificate of Compliance as to 11-3-2006 order transmitted to OAL 3-12-2007 and filed 4-19-2007 (Register 2007, No. 16).

11. Amendment of section and Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

12. Certificate of Compliance as to 12-13-2010 order, including amendment of Note, transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

## *2017 15 CCR 3084.2*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS  >  TITLE 15. CRIME PREVENTION AND CORRECTIONS  >  DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE  > CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS  >  ARTICLE 8. APPEALS*

## § 3084.2. Appeal Preparation and Submittal

(a)  The appellant shall use a CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, to describe the specific issue under appeal and the relief requested. A CDCR Form 602-A (08/09), Inmate/Parolee Appeal Form Attachment, which is incorporated by reference, shall be used if additional space is needed to describe the issue under appeal or the relief requested.

(1)  The inmate or parolee is limited to one issue or related set of issues per each Inmate/Parolee Appeal form submitted. The inmate or parolee shall not combine unrelated issues on a single appeal form for the purpose of circumventing appeal filing requirements. Filings of appeals combining unrelated issues shall be rejected and returned to the appellant by the appeals coordinator with an explanation that the issues are deemed unrelated and may only be submitted separately.

(2)  The inmate or parolee is limited to the space provided on the Inmate/Parolee Appeal form and one Inmate/Parolee Appeal Form Attachment to describe the specific issue and action requested. The appeal content must be printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font. There shall be only one line of text on each line provided on these forms.

(3)  The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

(4)  The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

(b)  The inmate or parolee shall submit the signed original appeal forms and supporting documents. If originals are not available, copies may be submitted with an explanation why the originals are not available. The appeals coordinator shall have the discretion to request that any submitted copy is verified by staff.

(1)  Only supporting documents, as defined in subsection 3084(h), necessary to clarify the appeal shall be attached to the appeal. Attachments shall not raise new issues, but shall only serve to clarify the present appeal issue and action(s) requested as stated in Parts A and B of the Inmate/Parolee Appeal form. New issues raised in the supporting documents shall not be addressed and any decision rendered will pertain only to the present appeal issue and requested action(s).

(2)  Inmates or parolees shall submit their appeal documents in a single mailing and shall not divide their appeal documents into separate mailings.

(3)  Inmates or parolees shall not deface or attach dividers or tabs to their appeal forms.

**(4)**  Inmates or parolees shall not contaminate or attach physical/organic objects or samples to their appeal documents. Examples of these objects or samples include, but are not limited to, food, clothing, razor blades, books, magazines, tape, string, hair, blood, and/or bodily fluids/excrement.

**(c)**  First and second level appeals as described in section 3084.7 shall be submitted to the appeals coordinator at the institution or parole region for processing.

**(d)**  If dissatisfied with the second level response, the appellant may submit the appeal for a third level review, as described in section 3084.7, provided that the time limits pursuant to section 3084.8 are met. The appellant shall mail the appeal and supporting documents to the third level Appeals Chief via the United States mail service utilizing his or her own funds, unless the appellant is indigent in which case the mailing of appeals to the third level of review shall be processed in accordance with indigent mail provisions pursuant to section 3138.

**(e)**  If the appeal has been accepted and processed as an emergency appeal and the appellant wishes a third level review, the appellant must forward the appeal to the appeals coordinator who shall electronically transmit it to the third level Appeals Chief. The third level review shall be completed within five working days.

**(f)**  An inmate or parolee or other person may assist another inmate or parolee with preparation of an appeal unless the act of providing such assistance would create an unmanageable situation including but not limited to: acting contrary to the principles set forth in sections 3163 and 3270, allowing one offender to exercise unlawful influence/assume control over another, require an offender to access unauthorized areas or areas which would require an escort, or cause avoidance or non-performance in assigned work and program activities. Inmates or parolees shall not give any form of compensation for receiving assistance or receive any form of compensation for assisting in the preparation of another's appeal. The giving or receiving of compensation is considered misconduct and is subject to disciplinary action.

**(g)**  An inmate or parolee shall not submit an appeal on behalf of another person, unless the appeal contains an allegation of sexual violence, staff sexual misconduct, or sexual harassment.

**(h)**  Group appeal. If a group of inmates/parolees intend to appeal a policy, decision, action, condition or omission affecting all members of the group, one CDCR Form 602, Inmate/Parolee Appeal, shall be submitted describing the appeal issue(s) and action requested, accompanied by a CDCR Form 602-G (08/09), Inmate/Parolee Group Appeal, which is incorporated by reference, with the legible name, departmental identification number, assignment, housing, and dated signature of the inmate or parolee who prepared the appeal. Each page of the CDCR Form 602-G must contain the appeal issue, action requested, and a statement that all the undersigned agree with the appeal issue/action requested.

**(1)**  The legible names of the participating inmates/parolees, departmental identification numbers, assignments, housing, and dated signatures shall be included in the space provided on the Inmate/Parolee Group Appeal form and no other signature page shall be accepted by the appeals coordinator.

**(2)**  The inmate or parolee submitting the appeal shall be responsible for sharing the appeal response with the inmates or parolees who signed the appeal attachment.

**(3)**  If the inmate or parolee submitting the appeal is transferred, released, discharged, or requests to withdraw from the group appeal, responses shall be directed to the next inmate or parolee listed on the appeal attachment who remains at the facility/region, and who shall be responsible for sharing the response with the other inmates or parolees identified on the appeal.

**(4)**  An appeal shall not be accepted or processed as a group appeal if the matter under appeal requires a response to a specific set of facts (such as disciplinary and staff complaint appeals) that are not the same for all participants in the appeal. In such case, the group appeal shall be screened out and returned to the inmate or parolee submitting the appeal with directions to advise all those who signed the appeal attachment to submit individual appeals on their separate issues.

**(5)** Every inmate or parolee who signs a group appeal is ineligible to submit a separate appeal on the same issue.

**(6)** A group appeal counts toward each appellant's allowable number of appeals filed in a 14 calendar day period.

**(i)** Multiple appeals of the same issue. When multiple appeals are received from more than one inmate or parolee on an identical issue, each such appeal shall be individually processed. However, if other issues in addition or extraneous to the multiple appeal issue are contained in the submitted appeal, this particular complaint shall not be processed as a multiple appeal, but will be subject to processing as a separate, individual appeal.

**(1)** The original inmate or parolee, and as needed for clarification of issues, one or more of the other inmates or parolees, shall be interviewed.

**(2)** The appellant shall be provided with an appeal response. A statement shall be included in the response indicating that the appeal has been designated as one of multiple identical appeals for processing purposes and the same response is being distributed to each appellant.

## Statutory Authority

**AUTHORITY:**

Note: Authority cited: *Section 5058, Penal Code*. Reference: *Sections 832.5(a) and 5054, Penal Code*; Civil Rights of Institutionalized Persons Act; Title *42 U.S.C. Section 1997* et seq., Public Law 96-247, *94 Stat. 349;* and *28 CFR Sections 35.107* and *115.52*.

## History

**HISTORY:**

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.

2. Certificate of Compliance as to 5-18-89 order transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. New subsection (g) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).

5. Amendment of subsection (a) and Note filed 4-7-95 as an emergency pursuant to *Penal Code section 5058*; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.

6. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).

7. Amendment of subsections (a)(1), (a)(2), (c) and (f)(1) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to *Penal Code section 5058(e)*, a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

8. Amendment of subsections (a)(1), (a)(2), (c) and (f)(1) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

9. Editorial correction of History 8 (Register 97, No. 24).

Case 1:20-cv-00593-DAD-BAK   Document 49-3   Filed 09/23/21   Page 15 of 47

10. Certificate of Compliance as to 5-29-97 order, including amendment of subsection (c), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

11. Amendment of section heading, repealer and new section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

12. Certificate of Compliance as to 12-13-2010 order, including amendment of subsections (b), (e)-(f) and (h)(6), transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

13. Amendment of subsection (g) and Note filed 10-20-2016; operative 10-20-2016 pursuant to *Government Code section 11343.4(b)(3)* (Register 2016, No. 43).

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS

Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

## *2017 15 CCR 3084.3*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS  >  TITLE 15. CRIME PREVENTION AND CORRECTIONS  >  DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE  >  CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS  >  ARTICLE 8. APPEALS*

# § 3084.3. Supporting Documents

**(a)**  An inmate or parolee shall obtain and attach all supporting documents, as described in section 3084(h), necessary for the clarification and/or resolution of his or her appeal issue prior to submitting the appeal to the appeals coordinator.

**(b)**  The inmate or parolee shall not delay submitting an appeal within time limits established in section 3084.8 if unable to obtain supporting documents, but shall submit the appeal with all available supporting documents and in Part B of their CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, provide an explanation why any remaining supporting documents are not available. Time limits for filing an appeal are not stayed by failure to obtain supporting documentation and commence as set forth in subsection 3084.8(b).

**(c)**  Failure to attach all necessary supporting documents may result in the appeal being rejected as specified in subsection 3084.6(b)(7). The appeals coordinator shall inform the inmate or parolee that the appeal is rejected because necessary supporting documents are missing. The appellant shall be allowed an additional 30 calendar days to secure any missing supporting documents and resubmit the appeal.

**(d)**  The appeals coordinator may grant additional time extensions beyond the initial 30 calendar day extension if the inmate or parolee submits a reasonable explanation of why the supporting documents still are not available.

## Statutory Authority

**AUTHORITY:**

Note: Authority cited: *Section 5058, Penal Code*. Reference: *Section 5054, Penal Code*.

## History

**HISTORY:**

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.

2. Certificate of Compliance as to 5-18-89 order transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Amendment of subsection (b) and new subsections (b)(1)-(2) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).

2017 15 CCR 3084.3

5. Amendment of subsection (a) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to *Penal Code section 5058(e)*, a Cer- tificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

6. Amendment of subsection (a) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

7. Editorial correction of History 6 (Register 97, No. 24).

8. Certificate of Compliance as to 5-29-97 order transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

9. Repealer and new section heading and section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

10. Certificate of Compliance as to 12-13-2010 order, including amendment of subsection (b), transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**

Zachery Lopes

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

## *2017 15 CCR 3084.4*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS > TITLE 15. CRIME PREVENTION AND CORRECTIONS > DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE > CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS > ARTICLE 8. APPEALS*

# § 3084.4. Appeal System Abuse

(a)  The following are deemed misuse or abuse of the appeals process and may lead to appeal restriction as described in subsection 3084.4(g).

(1)  The submittal of more than one appeal for initial review within a 14 calendar day period is considered excessive, unless the inmate or parolee is submitting an emergency appeal.

(2)  The repeated filing of appeals that have been cancelled pursuant to subsection 3084.6(c).

(3)  The appeal submission contains information the appellant knows to be false or consists of a deliberate attempt at distorting the facts.

(4)  The appeal contains threatening, grossly derogatory, slanderous or obscene statements and/or organic contamination is included in or makes up any part of the appeal package.

(5)  The description of the problem and/or requested action deliberately exceeds the space provided on the 602 forms or the appeal is intentionally filed contrary to instructions.

(b)  When an inmate or parolee submits appeals as described above in subsections 3084.4(a)(1)-(a)(5):

(1)  The first appeal received shall be screened for routine processing.

(2)  All subsequent non-emergency appeals submitted by that individual shall be screened and the appeals coordinator shall begin documenting any abuse as evidenced by the screening results.

(c)  If an inmate or parolee persists in submitting excessive, demonstrably false, noncompliant or abusive appeals, as described in subsection 3084.4(a), he or she shall receive a warning letter from the appeals coordinator that will document the history and nature of appeal system abuse.

(d)  If the abuse of process continues after the issuance of a warning letter, the appeals coordinator shall meet with the inmate or parolee in a timely manner before imposition of any restriction to provide instruction for the appropriate use of the appeals process and to rule out any unintended basis for non-compliance. If a face-to-face meeting is not possible, an agent acting on behalf of the appeals coordinator shall conduct the meeting.

(e)  Excessive, demonstrably false, noncompliant or abusive appeals, as described in subsection 3084.4(a), submitted by an inmate or parolee after the issuance of a warning letter, pursuant to subsection 3084.4(c) above, shall be screened by the appeals coordinator to ensure they do not contain qualifying emergency issues.

(1)  If the appeal contains emergency issues, as described in subsection 3084.9(a)(1), it shall be processed as an emergency appeal.

(2)  If no such issue is determined to be present, the appeal shall be retained by the appeals coordinator pending placement of the appellant on appeal restriction by the third level Appeals Chief. The appellant shall be informed in writing why the appeal constitutes abuse of the appeal process and

informed that appeal processing has been suspended pending determination of appeal restriction status.

**(f)** If the appeal abuse continues after the issuance of a warning letter and a face-to-face meeting, the request for placement on restriction shall be referred to the third level Appeals Chief for approval.

**(g)** Upon confirmation of continued abuse and verification that a face-to-face interview and warning letter have occurred, the third level Appeals Chief shall have the discretion to authorize preparation of a notice by the Appeals Coordinator restricting the inmate or parolee to one non-emergency appeal every 30 calendar days for a period of one year. Any subsequent violation of the appeal restriction shall result in an extension of the restriction for an additional one-year period upon approval by the third level Appeals Chief.

**(h)** If the third level Appeals Chief makes a decision not to place the inmate or parolee on appeal restriction, any appeal submitted by the inmate or parolee and retained pursuant to subsection 3084.4(e)(2) shall be returned to the inmate or parolee who may then resubmit a returned appeal if he or she desires to do so. Resubmitted appeals are not exempt from the standard submittal requirements set forth in this Article, except that the appellant's original submittal date of the appeal may serve to satisfy filing time requirements.

## Statutory Authority

**AUTHORITY:**

Note: Authority cited: *Section 5058, Penal Code*. Reference: *Sections 148.6(a), 832.5(c) and 5054, Penal Code*.

## History

**HISTORY:**

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.

2. Certificate of Compliance as to 5-18-89 order including a clarifying change of subsections (a) and (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Amendment of subsections (a), (a)(1) and (a)(3), repealer and new subsection (a)(4), and amendment of subsections (b) and (d) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to *Penal Code section 5058(e)*, a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

4. Amendment of subsections (a), (a)(1) and (a)(3), repealer and new subsection (a)(4), and amendment of subsections (b) and (d) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

5. Editorial correction of History 4 (Register 97, No. 24).

6. Certificate of Compliance as to 5-29-97 order, including amendment of subsection (d), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

7. Repealer and new section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to Penal Code; section 5058.3, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

8. Certificate of Compliance as to 12-13-2010 order, including amendment of subsection (a)(3), transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

2017 15 CCR 3084.4

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS

Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

RAINS LUCIA STERN
ST. PHALLE & SILVER. PC

## *2017 15 CCR 3084.5*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS  >  TITLE 15. CRIME PREVENTION AND CORRECTIONS  >  DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE  > CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS  >  ARTICLE 8. APPEALS*

# § 3084.5. Screening and Managing Appeals

**(a)** Each institution head and parole region administrator shall designate an appeals coordinator at a staff position level no less than a Correctional Counselor II or Parole Agent II.

**(b)** The appeals coordinator or a delegated staff member under the direct oversight of the coordinator shall screen all appeals prior to acceptance and assignment for review.

**(1)** When an appeal indicates the inmate or parolee has difficulty describing the problem in writing or has a primary language other than English, the appeals coordinator shall ensure that the inmate or parolee receives assistance in completing and/or clarifying the appeal.

**(2)** When an appeal is received as an emergency appeal that does not meet the criteria for an emergency appeal as defined in subsection 3084.9(a), the appellant shall be notified that the appeal does not meet the criteria for processing as an emergency appeal and has been either accepted for regular processing or is rejected for the specific reason(s) cited.

**(3)** When an appeal is not accepted, the inmate or parolee shall be notified of the specific reason(s) for the rejection or cancellation of the appeal and of the correction(s) needed for the rejected appeal to be accepted.

**(4)** When an appeal is received that describes staff behavior or activity in violation of a law, regulation, policy, or procedure or appears contrary to an ethical or professional standard that could be considered misconduct as defined in subsection 3084(g), whether such misconduct is specifically alleged or not, the matter shall be referred pursuant to subsection 3084.9(i)(1) and (i)(3), to determine whether it shall be:

**(A)** Processed as a routine appeal but not as a staff complaint.

**(B)** Processed as a staff complaint appeal inquiry.

**(C)** Referred to Internal Affairs for an investigation/inquiry.

**(5)** If an appeal classified as a staff complaint includes other non-related issue(s), the provisions of 3084.9(i)(2) shall apply.

## Statutory Authority

**AUTHORITY:**

Note: Authority cited: *Section 5058, Penal Code*. Reference: *Sections 832.5, 832.7, 832.8, 5054 and 5058.4(a), Penal Code*; Americans With Disabilities Act, Public Law 101-336, July 26, 1990, *104 Stat. 328;* Civil Rights of Institutionalized Persons Act; Title *42 U.S.C. Section 1997* et seq., Public Law 96-247, *94 Stat. 349;* and *Section 35.107, Title 28, Code of Federal R*egulations.

# History

**HISTORY:**

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3003(a) and (b).

2. Certificate of Compliance as to 5-18-89 order including amendment of subsections (a) and (g) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. New subsection (a)(3)(F), amendment of subsection (b), new subsections (g) and (h), and relettering of subsection (g) to (i) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).

5. New subsection (a)(3)(G) filed 2-1-93 as an emergency; operative 2-1-93 (Register; 93, No. 6). A Certificate of Compliance must be transmitted to OAL 6-1-93 or emergency language will be repealed by operation of law on the following day.

6. Certificate of Compliance as to 2-1-93 order transmitted to OAL 5-20-93 and filed 6-8-93 (Register 93, No. 24).

7. New subsection (a)(3)(H) and amendment of Note filed 4-7-95 as an emergency pursuant to *Penal Code section 5058*; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.

8. New subsection (b)(4) filed 5-5-95; operative 6-5-95 (Register 95, No. 18).

9. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).

10. Amendment of subsections (c), (d) and (e)(1) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to *Penal Code section 5058(e)*, a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

11. Amendment of subsections (c), (d) and (e)(1) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

12. Editorial correction of History 11 (Register 97, No. 24).

13. Certificate of Compliance as to 5-29-97 order transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

14. Repealer and new section heading and section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

15. Certificate of Compliance as to 12-13-2010 order transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT G

## *2017 15 CCR 3084.6*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS  >  TITLE 15. CRIME PREVENTION AND CORRECTIONS  >  DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE  > CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS  >  ARTICLE 8. APPEALS*

## § 3084.6. Rejection, Cancellation, and Withdrawal Criteria

**(a)**  Appeals may be rejected pursuant to subsection 3084.6(b), or cancelled pursuant to subsection 3084.6(c), as determined by the appeals coordinator.

**(1)**  Unless the appeal is cancelled, the appeals coordinator shall provide clear and sufficient instructions regarding further actions the inmate or parolee must take to qualify the appeal for processing.

**(2)**  An appeal that is rejected pursuant to subsection 3084.6(b) may later be accepted if the reason noted for the rejection is corrected and the appeal is returned by the inmate or parolee to the appeals coordinator within 30 calendar days of rejection.

**(3)**  At the discretion of the appeals coordinator or third level Appeals Chief, a cancelled appeal may later be accepted if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review.

**(4)**  Under exceptional circumstances any appeal may be accepted if the appeals coordinator or third level Appeals Chief conclude that the appeal should be subject to further review. Such a conclusion shall be reached on the basis of compelling evidence or receipt of new information such as documentation from health care staff that the inmate or parolee was medically or mentally incapacitated and unable to file.

**(5)**  Erroneous acceptance of an appeal at a lower level does not preclude the next level of review from taking appropriate action, including rejection or cancellation of the appeal.

**(b)**  An appeal may be rejected for any of the following reasons, which include, but are not limited to:

**(1)**  The appeal concerns an anticipated action or decision.

**(2)**  The appellant has failed to demonstrate a material adverse effect on his or her welfare as defined in subsection 3084(c).

**(3)**  The inmate or parolee has exceeded the allowable number of appeals filed in a 14 calendar day period pursuant to the provisions of subsection 3084.1(f).

**(4)**  The appeal contains threatening, obscene, demeaning, or abusive language.

**(5)**  The inmate or parolee has attached more than one CDCR Form 602-A (08/09), Inmate/Parolee Appeal Form Attachment.

**(6)**  The appeal makes a general allegation, but fails to state facts or specify an act or decision consistent with the allegation.

**(7)**  The appeal is missing necessary supporting documents as established in section 3084.3.

**(8)**  The appeal involves multiple issues that do not derive from a single event, or are not directly related and cannot be reasonably addressed in a single response due to this fact.

**(9)**  The appeal issue is obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer cannot be reasonably expected to identify the issue under appeal. In such case, the appeal shall be rejected unless the appellant is identified as requiring assistance in filing the appeal as described in subsection 3084.1(c).

**(10)**  The inmate or parolee has not submitted his/her appeal printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font or failed to submit an original.

**(11)**  The appeal documentation is defaced or contaminated with physical/organic objects or samples as described in subsection 3084.2(b)(4). Appeals submitted with hazardous or toxic material that present a threat to the safety and security of staff, inmates, or the institution may subject the appellant to disciplinary action and/or criminal charges commensurate with the specific act.

**(12)**  The appellant has attached dividers or tabs to the appeal forms and/or supporting documents.

**(13)**  The appeal is incomplete; for example, the inmate or parolee has not provided a signature and/or date on the appeal forms in the designated signature/date blocks provided.

**(14)**  The inmate or parolee has not submitted his/her appeal on the departmentally approved appeal forms.

**(15)**  The inmate or parolee has submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review, e.g., submitting an appeal at the third level prior to lower level review.

**(16)**  The appeal issue or complaint emphasis has been changed at some point in the process to the extent that the issue is entirely new, and the required lower levels of review and assessment have thereby been circumvented.

**(c)**  An appeal may be cancelled for any of the following reasons, which include, but are not limited to:

**(1)**  The action or decision being appealed is not within the jurisdiction of the department.

**(2)**  The appeal duplicates an inmate or parolee's previous appeal upon which a decision has been rendered or is pending.

**(3)**  The inmate or parolee continues to submit a rejected appeal while disregarding appeal staff's previous instructions to correct the appeal including failure to submit necessary supporting documents, unless the inmate or parolee provides in Part B of the CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, a reasonable explanation of why the correction was not made or documents are not available.

**(4)**  Time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints. In determining whether the time limit has been exceeded, the appeals coordinator shall consider whether the issue being appealed occurred on a specific date or is ongoing. If the issue is ongoing, which may include but is not limited to, continuing lockdowns, retention in segregated housing, or an ongoing program closure, the inmate or parolee may appeal any time during the duration of the event; however, the inmate or parolee is precluded from filing another appeal on the same issue unless a change in circumstances creates a new issue.

**(5)**  The appeal is submitted on behalf of another person, unless it contains allegations of sexual violence, staff sexual misconduct, or sexual harassment of another inmate.

**(6)**  The issue is subject to a department director level review independent of the appeal process such as a Departmental Review Board decision, which is not appealable and concludes the appellant's departmental administrative remedy pursuant to the provisions of section 3376.1.

**(7)**  The appellant is deceased before the time limits for responding to an appeal have expired and the appeal is not a group appeal.

**(8)**  The appellant refuses to be interviewed or to cooperate with the reviewer.

**(A)** The appellant's refusal to be interviewed or to cooperate with the reviewer shall be clearly articulated in the cancellation notice.

**(B)** If the appellant provides sufficient evidence to establish that the interviewer has a bias regarding the issue under appeal, the appeals coordinator shall assign another interviewer.

**(9)** The appeal is presented on behalf of a private citizen.

**(10)** Failure to correct and return a rejected appeal within 30 calendar days of the rejection.

**(11)** The issue under appeal has been resolved at a previous level.

**(d)** Group appeals shall not be cancelled at the request of the submitting individual unless all of the inmate signatories are released, transferred, or agree to withdraw the appeal.

**(e)** Once cancelled, an appeal shall not be accepted except pursuant to subsection 3084.6(a)(3); however, the application of the rules provided in subsection 3084.6(c) to the cancelled appeal may be separately appealed. If an appeal is cancelled at the third level of review, any appeal of the third level cancellation decision shall be made directly to the third level Appeals Chief.

**(f)** An appeal may be withdrawn by the appellant by requesting to have the processing stopped at any point up to receiving a signed response. The request for the withdrawal shall identify the reason for the withdrawal in section H of the CDCR Form 602, Inmate/Parolee Appeal and shall be signed and dated by the appellant. If there is an agreed upon relief noted in writing at the time of a withdrawal and the relief is not provided when and as promised, then the failure to provide the agreed upon relief may be appealed within 30 calendar days of the failure to grant the promised relief. The withdrawal of an appeal does not preclude further administrative action by the department regarding the issue under appeal. A withdrawn staff complaint shall be returned to the hiring authority to review for possible further administrative action.

## Statutory Authority

**AUTHORITY:**

Note: Authority cited: *Section 5058, Penal Code*. Reference: *Sections 832.5 and 5054, Penal Code*; *Sections 19570, 19575.5, 19583.5 and 19635, Government Code*; and *28 CFR Section 115.52*.

## History

**HISTORY:**

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.

2. Certificate of Compliance as to 5-18-89 order including amendment of subsection (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Amendment of subsections (b)(1)-(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsections (c)(1) and (c)(2) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to *Penal Code section 5058(e)*, a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

4. Amendment of subsections (b)(1)-(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsection (c)(1) and (c)(2) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

5. Editorial correction of History 4 (Register 97, No. 24).

6. Certificate of Compliance as to 5-29-97 order, including amendment, transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

7. Repealer and new section heading and section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

8. Certificate of Compliance as to 12-13-2010 order transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

9. Amendment of subsection (c)(5) and Note filed 10-20-2016; operative 10-20-2016 pursuant to *Government Code section 11343.4(b)(3)* (Register 2016, No. 43).

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT H

## *2017 15 CCR 3084.7*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS  >  TITLE 15. CRIME PREVENTION AND CORRECTIONS  >  DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE  >  CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS  >  ARTICLE 8. APPEALS*

## § 3084.7. Levels of Appeal Review and Disposition

**(a)** All appeals shall be initially submitted and screened at the first level unless the first level is exempted. The appeals coordinator may bypass the first level for appeal of:

**(1)** A policy, procedure or regulation implemented by the department.

**(2)** A policy or procedure implemented by the institution head.

**(3)** An issue that cannot be resolved at the division head level such as Associate Warden, Associate Regional Parole Administrator, CALPIA manager or equivalent.

**(4)** Serious disciplinary infractions.

**(b)** The second level is for review of appeals denied or not otherwise resolved to the appellant's satisfaction at the first level, or for which the first level is otherwise waived by these regulations. The second level shall be completed prior to the appellant filing at the third level as described in subsection 3084.7(c).

**(1)** A second level of review shall constitute the department's final action on appeals of disciplinary actions classified as "administrative" as described in section 3314, or of minor disciplinary infractions documented on the Counseling Only Rules Violation Report, pursuant to section 3312(a)(2), and shall exhaust administrative remedy on these matters.

**(2)** Movies/videos that have been given a rating of other than "G", "PG", or "PG-13" by the Motion Picture Association of America are not approved for either general inmate viewing pursuant to section 3220.4 or for viewing within the classroom, and will not be accepted for appeal at any level. The first level shall be waived for appeals related to the selection or exclusion of a "G", "PG", or "PG-13" rated or non-rated movie/video for viewing and the second level response shall constitute the department's final response on appeals of this nature.

**(c)** The third level is for review of appeals not resolved at the second level, or:

**(1)** When the inmate or parolee appeals alleged third level staff misconduct or appeals a third level cancellation decision or action.

**(2)** In the event of involuntary psychiatric transfers as provided in subsection 3084.9(b).

**(d)** Level of staff member conducting review.

**(1)** Appeal responses shall not be reviewed and approved by a staff person who:

**(A)** Participated in the event or decision being appealed. This does not preclude the involvement of staff who may have participated in the event or decision being appealed, so long as their involvement with the appeal response is necessary in order to determine the facts or to provide administrative remedy, and the staff person is not the reviewing authority and/or their involvement in the process will not compromise the integrity or outcome of the process.

**(B)** Is of a lower administrative rank than any participating staff. This does not preclude the use of staff, at a lower level than the staff whose actions or decisions are being appealed, to research the appeal issue.

**(C)** Participated in the review of a lower level appeal refiled at a higher level.

**(2)** Second level review shall be conducted by the hiring authority or designee at a level no lower than Chief Deputy Warden, Deputy Regional Parole Administrator, or the equivalent.

**(3)** The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies; however, this does not preclude amending a finding previously made at the third level.

**(e)** At least one face-to-face interview shall be conducted with the appellant at the first level of review, or the second level if the first level of review is bypassed, unless:

**(1)** The appellant waives the interview by initialing the appropriate box on the CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal. An appellant's waiver of the interview shall not preclude staff from conducting an interview in the event of staff determination that an interview is necessary.

**(2)** The reviewer has decided to grant the appeal in its entirety.

**(3)** The appeal is a request for a Computation Review Hearing, in which case the initial interview shall occur at the second level of review.

**(4)** The appellant is not present at the institution or parole region where the appeal was filed.

**(A)** In such case, a telephone interview with the appellant shall meet the requirement of a personal interview. If the appeal concerns a disciplinary action, the telephone interview may be waived if the appeals coordinator determines an interview would not provide additional facts.

**(B)** The response must note that the interview was conducted by telephone, explain the extraordinary circumstances that required it, and state why a face-to-face interview was not possible under the circumstances.

**(C)** If the appellant is not available for a telephone interview, the reviewer may request that a suitable employee in the jurisdiction where the appellant is located complete the interview and provide a report.

**(f)** An interview may be conducted at any subsequent level of review when staff determine that the issue under appeal requires further clarification.

**(g)** When a group or multiple appeal is received, one or more of the participating inmates/parolees shall be interviewed to clarify the issue(s).

**(h)** At the first and second level of review, the original appeal, within the time limits provided in section 3084.8, shall be returned to the appellant with a written response to the appeal issue providing the reason(s) for each decision. Each response shall accurately describe the matter under appeal and fully address the relief requested. If the decision is a partial grant, the response shall clarify for each requested action whether it is granted, granted in part, or denied, and shall also state the action taken.

**(i)** Modification orders issued by the institution, parole region, or by the third level of review shall be completed within 60 calendar days of the appeal decision which determined the need for a modification order. Reasonable documented proof of completion of the modification order shall accompany the completed order, or a statement shall be added by the responder clarifying the action taken and why documentation is not available.

**(1)** If it is not possible to comply with the modification order within 60 calendar days, staff responsible for complying with the modification order shall advise the local appeals coordinator every 30 calendar days of the reason for the delay and provide a projected date of completion. If the modification order

was imposed by the third level of review, the local appeals coordinator shall notify the third level Appeals Chief every 30 calendar days of the reason for the delay and provide a projected date of completion.

**(2)**  When it is clear that the modification order cannot be completed in the allotted time, the appeals coordinator shall advise the appellant of the reason for the delay and the anticipated date of completion. This process shall occur every 30 calendar days until the modification order is completed. All time constraints for an appellant to submit an appeal to the next level are considered postponed up to 120 days until the completion of a previous level modification order. Thereafter, the appellant must submit his/her appeal to the next level within 30 calendar days of receiving the modification order response.

**(3)**  If the modification order is not completed after 120 calendar days of the issuance, the appellant may submit the appeal to the next level for administrative review within 30 calendar days.

**(4)**  If the appellant transfers prior to the completion of the modification order, the originally assigned institution or parole region shall retain responsibility for completion of the modification order as specified in subsection 3084.7(i), including cases where the receiving institution or parole region provides the actual relief.

**(5)**  In cases where a modification order is issued on an emergency appeal, the order shall specify the timeframe for the completion of the action granted. The appeals coordinator, if granted at the second level of review, and the third level Appeals Chief or designee, if granted at the third level of review, shall notify the hiring authority by electronic transmission of the emergency timeframe for completion of the granted action.

## Statutory Authority

**AUTHORITY:**

Note: Authority cited: Sections 5058 and 10006(b), Penal Code. Reference: Sections 5054 and 10006(b), Penal Code; Americans With Disabilities Act, Public Law 101-336, July 26, 1990, *104 Stat. 328;* Civil Rights of Institutionalized Persons Act; Title *42 U.S.C. Section 1997* et seq., Public Law 96-247, *94 Stat. 349;* and Section 35.107, Title 28, Code of Federal Regulations.

## History

**HISTORY:**

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3325(c).

2. Certificate of Compliance as to 5-18-89 order including amendment of subsections (a) and (d) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Editorial correction of printing errors in subsections (f)(1)(B) and (g)(2) (Register 92, No. 5).

4. Amendment of subsection (e)(4) and new subsections (h)(3), (i)(2)(c)1. and 2., and (k) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.

5. Certificate of Compliance as to 5-6-92 order including amendment of subsections (e)(4) and (i)(2)(C)1. transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).

2017 15 CCR 3084.7

6. New subsection (l) and amendment of Note filed 4-7-95 as an emergency pursuant to Penal Code section 5058; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.

7. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).

8. New subsections (m)-(m)(3) and amendment of Note filed 6-28-96 as an emergency; operative 6-28-96 (Register 96, No. 26). A Certificate of Compliance must be transmitted to OAL by 1-6-97 or emergency language will be repealed by operation of law on the following day.

9. Editorial correction of subsection (m)(3) (Register 96, No. 51).

10. New subsections (m)-(m)(3) and amendment of Note refiled 12-19-96 as an emergency; operative 12-19-96 (Register 96, No. 51). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 5-28-97 or emergency language will be repealed by operation of law on the following day.

11. Repealer of subsection (a)(1)(D), amendment of subsections (a)(2)(A), (b)(2), (d)(4), (d)(4)(A) and (e)(1), repealer of subsections (h) and (h)(1), renumbering of old subsections 3084.7(h)(2) and (h)(3) to new subsections 3391(b) and (c), subsection relettering, and amendment of newly designated subsection (k) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

12. Certificate of Compliance as to 12-19-96 order, incorporating relettering from 12-23-96 order and further amending section and Note, transmitted to OAL 4-14-97 and filed 5-23-97 (Register 97, No. 21).

13. Repealer of subsection (a)(1)(D), amendment of subsections (a)(2)(A), (b)(2), (d)(4), (d)(4)(A) and (e)(1), repealer of subsections (h) and (h)(1), renumbering of old subsections 3084.7(h)(2) and (h)(3) to new subsections 3391(b) and (c), subsection relettering, and amendment of newly designated subsection (k) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

14. Editorial correction of subsection (j)(1) and History 13 (Register 97, No. 24).

15. Certificate of Compliance as to 5-29-97 order, including amendment of subsections (b)(2) and (k), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

16. New subsections (m)-(m)(4) and amendment of Note filed 9-13-2005; operative 9-13-2005 pursuant to Government Code section 11343.4 (Register 2005, No. 37).

17. Repealer and new section heading and section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

18. Certificate of Compliance as to 12-13-2010 order transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

19. Change without regulatory effect amending subsection (a)(3) filed 1-8-2014 pursuant to section 100, title 1, California Code of Regulations (Register 2014, No. 2).

20. Change without regulatory effect repealing subsection (b)(3) filed 4-22-2015 pursuant to section 100, title 1, California Code of Regulations (Register 2015, No. 17).

21. Amendment of subsection (b)(1) filed 6-2-2016 as an emergency; operative 6-2-2016 (Register 2016, No. 23). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-9-2016 or emergency language will be repealed by operation of law on the following day.

22. Certificate of Compliance as to 6-2-2016 order, including amendment of subsection (b)(1), transmitted to OAL 11-7-2016 and filed 12-22-2016; amendments effective 12-22-2016 pursuant to Government Code section 11343.4(b)(3) (Register 2016, No. 52).

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS

Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT I

## *2017 15 CCR 3084.8*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS  >  TITLE 15. CRIME PREVENTION AND CORRECTIONS  >  DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE  > CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS  >  ARTICLE 8. APPEALS*

# § 3084.8. Appeal Time Limits

**(a)** Time limits for reviewing appeals shall commence upon the date of receipt of the appeal form by the appeals coordinator.

**(b)** Except as described in subsection 3084.8(b)(4), an inmate or parolee must submit the appeal within 30 calendar days of:

**(1)** The occurrence of the event or decision being appealed, or;

**(2)** Upon first having knowledge of the action or decision being appealed, or;

**(3)** Upon receiving an unsatisfactory departmental response to an appeal filed.

**(4)** There shall be no time limits for allegations of sexual violence or staff sexual misconduct.

**(c)** All appeals shall be responded to and returned to the inmate or parolee by staff within the following time limits, unless exempted pursuant to the provisions of subsections 3084.8(f) and (g):

**(1)** First level responses shall be completed within 30 working days from date of receipt by the appeals coordinator.

**(2)** Second level responses shall be completed within 30 working days from date of receipt by the appeals coordinator.

**(3)** Third level responses shall be completed within 60 working days from date of receipt by the third level Appeals Chief.

**(d)** Exception to the time limits provided in subsection 3084.8(c) is authorized only in the event of:

**(1)** Unavailability of the inmate or parolee, or staff, or witnesses.

**(2)** The complexity of the decision, action, or policy requiring additional research.

**(3)** Necessary involvement of other agencies or jurisdictions.

**(4)** State of emergency pursuant to subsection 3383(c) requiring the postponement of nonessential administrative decisions and actions, including normal time requirements for such decisions and actions.

**(e)** Except for the third level, if an exceptional delay prevents completion of the review within specified time limits, the appellant, within the time limits provided in subsection 3084.8(c), shall be provided an explanation of the reasons for the delay and the estimated completion date.

**(f)** An appeal accepted as an emergency appeal shall be processed within the time frames set forth in subsections 3084.9(a)(4) and (a)(5).

**(g)** An appeal of the involuntary psychiatric transfer of an inmate or parolee shall be made directly to the third level pursuant to subsection 3084.9(b), within 30 calendar days of receipt of the hearing decision on the need for involuntary transfer.

## Statutory Authority

**AUTHORITY:**

Note: Authority cited: *Section 5058, Penal Code*. Reference: *Section 5054, Penal Code*; Civil Rights of Institutionalized Persons Act; Title *42 U.S.C. Section 1997* et seq., Public Law 96-247, *94 Stat. 349;* and *28 CFR Sections 35.107* and *115.52*.

## History

**HISTORY:**

1. New section filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 12-13-2010 order transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

3. Amendment of subsection (b), new subsection (b)(4) and amendment of Note filed 10-20-2016; operative 10-20-2016 pursuant to *Government Code section 11343.4(b)(3)* (Register 2016, No. 43).

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT J

### *2017 15 CCR 3084.9*

2017 California Administrative Code Archive

*BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS  >  TITLE 15. CRIME PREVENTION AND CORRECTIONS  >  DIVISION 3. ADULT INSTITUTIONS, PROGRAMS AND PAROLE  > CHAPTER 1. RULES AND REGULATIONS OF ADULT OPERATIONS AND PROGRAMS  >  ARTICLE 8. APPEALS*

## § 3084.9. Exceptions to the Regular Appeal Process

(a)  Emergency appeals. Emergency appeals should not be used by inmates or parolees as a substitute for verbally or otherwise informing staff of an emergency situation requiring immediate response.

(1)  When circumstances are such that the regular appeal time limits would subject the inmate or parolee to a substantial risk of personal injury or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal. Emergency circumstances include, but are not limited to:

(A)  Threat of death or injury due to enemies or other placement concerns.

(B)  Serious and imminent threat to health or safety.

(2)  An emergency appeal shall be submitted directly to the appeals coordinator and shall include a clear description of the circumstances warranting emergency processing. A request for emergency processing of an appeal that clearly does not meet the criteria for emergency processing or is made for the purpose of circumventing normal procedures or obtaining an expedited response may be considered misuse or abuse of the appeals process.

(3)  If the appeals coordinator determines emergency processing is unwarranted, the inmate or parolee shall be notified and the appeal shall be processed pursuant to subsection 3084.5(b)(2).

(4)  If emergency processing is warranted, the first level shall be waived and the second level review shall be completed within five working days.

(5)  Prison Rape Elimination Act (PREA) Sexual Violence (Inmate on Inmate) and Staff Sexual Misconduct Appeals.

A grievance in whole or part containing allegations of sexual violence or staff sexual misconduct shall be processed as an emergency appeal. The appeal shall be immediately reviewed by the Hiring Authority or designee and processed directly at the Second Level of Review. When the appeal alleges or indicates that the inmate may be in substantial risk of imminent sexual violence or imminent staff sexual misconduct, a risk assessment shall be undertaken.

(A)  Staff Complaints: While the department maintains the right to defend against an inmate lawsuit on the grounds of the applicable statute of limitations, a time limit shall not be imposed upon when an appellant may file such a grievance. The time limits for processing an emergency Staff Complaint are as follows:

1.  There shall be no time limit for allegations of staff sexual misconduct, but once received by the appeals coordinator, the appeal shall be screened in accordance with subsection 3084.5(b)(4).

2.  A risk assessment determination of all staff sexual misconduct related appeals shall be immediately completed by the Hiring Authority to determine if the appellant is in substantial risk of imminent staff sexual misconduct. If the assessment results in a determination of the

appellant being in substantial risk of imminent staff sexual misconduct, the Hiring Authority shall take immediate corrective action.

**3.** The appeals coordinator shall provide an initial response to the appellant within 48 hours that shall include whether or not the appeal is being processed as an emergency Staff Complaint.

**4.** An initial risk assessment shall be documented within 48 hours and the completed risk assessment determination by the Hiring Authority shall be documented within 5 calendar days describing whether the appellant was determined to be in substantial risk of imminent staff sexual misconduct and the action(s) taken in response to the appeal.

**5.** If the conditions of exceptional delay exist as described in subsection 3084.8(d), the time constraints of Second Level of Review or Third Level of Review may be extended in increments of 30 days, but shall not exceed 160 days from the date the appeal was received by the appeals coordinator. Any extension shall require written notification to the appellant and shall include the estimated completion date. The time consumed by the appellant in preparing the appeal shall not count in the calculation of a timely response.

**6.** The appellant may consider an absence of a timely response at any level, including that of any properly noticed extension, a denial at that level.

**7.** The appellant is required to respond to the Second Level Review within 30 calendar days in accordance with subsection 3084.8(b)(3).

**(B)** PREA Allegations Against Another Offender: A time limit shall not be imposed upon when an appellant may file a grievance alleging inmate on inmate sexual violence. The time limits for processing an emergency sexual violence appeal are as follows:

**1.** Once received by the appeals coordinator, the appeal shall be screened in accordance with section 3084.8. When the appeal alleges or indicates that the inmate is at substantial risk of imminent sexual violence, a risk assessment shall be undertaken.

**2.** A risk assessment determination of all sexual violence related appeals shall be immediately completed by the Hiring Authority to determine if the appellant is in substantial risk of imminent sexual violence. If the assessment results in a determination of the appellant being in substantial risk of imminent sexual violence, the Hiring Authority shall take immediate corrective action.

**3.** The appeals coordinator shall provide an initial response to the appellant within 48 hours that shall include whether or not the appeal is being processed as an emergency PREA appeal.

**4.** An initial risk assessment shall be documented within 48 hours and the completed risk assessment determination by the Hiring Authority shall be documented within 5 calendar days describing whether the appellant was determined to be in substantial risk of imminent sexual violence and the action(s) taken in response to the appeal.

**5.** If the conditions of exceptional delay exist as described in subsection 3084.8(d), the time constraints of Second Level of Review or Third Level of Review may be extended in increments of 30 days, but shall not exceed 160 days from the date the appeal was received by the appeals coordinator. Any extension shall require written notification to the appellant and shall include the estimated completion date. The time consumed by the appellant in preparing the appeal shall not count in the calculation of a timely response.

**6.** The appellant may consider an absence of a timely response at any level, including that of any properly noticed extension, a denial at that level.

**7.** The appellant is required to respond to the Second Level Review within 30 calendar days in accordance with subsection 3084.8(b)(3).

**(b)** Involuntary psychiatric transfers. An inmate or parolee may appeal the written decision of an involuntary psychiatric transfer, pursuant to subsection 3379(d), directly to the third level. A copy of the hearing decision shall be attached to the CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, but the absence of such documentation shall not be cause for rejection of the appeal.

**(c)** Joint Venture Program (JVP) employer related grievances.

**(1)** Any current or former Joint Venture inmate-employee who believes he/she has a grievance regarding a wage and hour or retaliation claim against a JVP employer shall submit the written grievance to the JVP Chief.

**(2)** The JVP Chief shall attempt to resolve all complaints.

**(3)** Time frames for filing grievances will be governed by the Division of Labor Standards Enforcement's (DLSE) statutes of limitations, including but not limited to, *Labor Code section 98.7* and *Code of Civil Procedure sections 337*, *338*, and *339*, for the appropriate type of complaint.

**(4)** If the inmate is dissatisfied with the JVP Chief's decision, the inmate may file a complaint with the Labor Commissioner.

**(d)** Parole period and term computation appeals. Parole period and term computation appeals shall be reviewed at the first level by the department's records staff. The inmate or parolee must state in detail the alleged error or reason for disputing the calculation of his or her release date.

**(1)** Records staff shall research the relevant case factors and document the findings. If the appeal is denied, the denial shall be delivered by records staff or by the appropriate caseworker to the appellant who shall sign and date a CDC Form 1031 (8-88), Acknowledgement of Receipt.

**(2)** The inmate or parolee may request a Computation Review Hearing that constitutes the second level review. The inmate or parolee shall be notified at least 24 hours prior to the hearing via the CDC Form 1032 (12/86), Notice of Time, Date, and Place of Computation Review Hearing, but may sign a voluntary waiver of such notice.

**(3)** The inmate or parolee shall be provided a copy of the CDC Form 1033 (8-88), Computation Review Hearing Decision, at the conclusion of the hearing.

**(e)** California Prison Industry Authority (CALPIA) health and safety complaints.

**(1)** A health and safety complaint should not be used by inmates as a substitute for verbally or otherwise informing staff of an urgent health or safety situation requiring immediate response.

**(2)** Pursuant to Labor Code and Industrial Relations regulations, an inmate who believes a health or safety hazard exists in a CALPIA operation shall deposit a written complaint in a readily accessible complaint box or give the complaint to any CALPIA staff member who shall submit it to the CALPIA health and safety committee for review and response. The committee shall undertake all authorized levels of review and referral.

**(f)** Property appeals. All property loss or damage arising from the same event or action for a single appellant shall be included in one appeal.

**(1)** An inmate or parolee who is appealing missing/damaged property that he or she believes occurred as a result of an error made by the receiving entity or by the transportation unit during the transfer of his/her property shall submit the appeal to the appeals coordinator of the receiving institution/region.

**(2)** An inmate or parolee who is appealing missing/damaged property that he or she alleges occurred as a result of an error made by the sending entity during the transfer from one institution/region to another institution/region, shall submit the appeal to the appeals coordinator of the receiving institution/region who will forward it to the sending institution/region for processing.

**(3)** The appeals coordinator shall process the appeal for a first level response.

**(A)** An attempt shall be made by staff to assess the damaged property and/or conduct a thorough search to locate the missing property.

**(B)** An attempt shall be made by staff to research the appellant's claim utilizing departmental inmate property records.

**(4)** If an administrative decision is made that the department is responsible for loss or damage to the appellant's property pursuant to section 3193, an attempt by staff to use donated property to substitute for or replace lost property at no cost to the state, or any effort to repair damaged property at institution expense, will be made prior to awarding monetary compensation for the loss.

**(5)** An appellant's refusal to accept repair, replacement, or substitution of like items and value shall be cause to deny the appeal. When denying an appeal on this basis, the reviewer must state why the replacement offered to the appellant is considered an equivalent item and value.

**(6)** The provisions of subsection 3193(b) shall apply when monetary compensation is determined to be the appropriate remedy.

**(7)** Before payment of any granted claim, the inmate or parolee shall discharge the state from further liability for the claim if required pursuant to *Government Code section 965*.

**(8)** The document denying a property claim appeal shall inform the appellant of the right to submit a claim directly with the Victim Compensation and Government Claims Board and shall provide the mailing address for such filing.

**(9)** An inmate or parolee who intends to submit a claim with the Victim Compensation and Government Claims Board shall adhere to the rules and timeframes governing those claims, which may be more restrictive than those of the CDCR appeals process.

**(g)** Disciplinary Appeals.

**(1)** A disciplinary action cannot be appealed until the hearing process is completed, including any re-hearing.

**(2)** Inmates who wish to exhaust their administrative remedies for "serious" disciplinary issues pursuant to section 3315 must appeal through the third level of review.

**(h)** Transfer Appeals. A decision for transfer to another institution may be appealed by the affected inmate after the transfer endorsement by the classification staff representative.

**(1)** Filing of an appeal of a transfer decision shall not normally be cause to stay or delay a transfer except in extraordinary circumstances and at the discretion of the Warden or designee.

**(2)** Regular transfer appeals:

**(A)** The first level of appeal shall be waived.

**(B)** If the appeal is granted at second level, the appellant's case shall be presented to a second classification staff representative for reconsideration.

**(C)** If the second classification staff representative disagrees with institution's recommendation, the institution head may submit the case to the departmental review board for final decision.

**(D)** If the appeal is denied at second level or the institution head does not refer the case to the departmental review board, the appellant may appeal at the third level.

**(3)** Reception center transfer appeals:

**(A)** First level review shall be conducted by the reception center's correctional administrator.

**(B)** If the appeal is granted, the appellant may be retained at the reception center until the case is presented to a second classification staff representative only if the proposed transfer poses a threat to the health or safety of the appellant.

2017 15 CCR 3084.9

**(C)** If the second classification staff representative disagrees with the first level appeal decision, the appellant may resubmit the appeal for second level review.

**(D)** Second level review shall be conducted by the institution head, who may retain the appellant at the reception center as a second level review action and refer the appeal to the departmental review board for resolution. The board's decision shall constitute final review.

**(i)** Staff complaints. A staff complaint filed by an inmate or parolee shall be processed as an appeal pursuant to this Article, not as a citizen's complaint. However, any appeal alleging misconduct by a departmental peace officer as defined in subsection 3291(b) shall be accompanied by the subsection 3391(d) Rights and Responsibility Statement.

**(1)** An inmate or parolee alleging staff misconduct by a departmental employee shall forward the appeal to the appeals coordinator. Only after the appeal has been reviewed and categorized as a staff complaint by the hiring authority or designee at a level not below Chief Deputy Warden, Deputy Regional Parole Administrator, or equivalent level shall it be processed as a staff complaint. If the hiring authority makes a determination that the complaint shall not be accepted as a staff complaint, it shall be processed as a routine appeal pursuant to subsection 3084.5(b)(4)(A).

**(2)** When an appeal is accepted alleging staff misconduct that also includes any other issue(s), the appeals coordinator at the time the appeal is accepted as a staff complaint shall notify the inmate or parolee that any other appeal issue(s) may only be appealed separately and therefore resubmission of those issues is required if the intention is to seek resolution of such matters. Upon receiving such a notice, the inmate or parolee has 30 calendar days to submit separate appeal(s) regarding the other issue(s).

**(3)** All appeals alleging staff misconduct will be presented by the appeals coordinator to the hiring authority or designee within five working days. The hiring authority will review the complaint and determine if:

**(A)** The allegation warrants a request for an Internal Affairs investigation as the alleged conduct would likely lead to adverse personnel action. The case will be referred for an Internal Affairs investigation as instructed by the hiring authority.

**(B)** The allegation does not warrant a request for an Internal Affairs investigation in which case a confidential inquiry shall be completed by the reviewer. An inquiry shall be conducted whenever the appeal is designated as a staff complaint but is not referred to the Office of Internal Affairs (OIA) or when the matter is declined by the OIA.

**1.** A confidential report shall summarize the review and include a determination of the findings concerning the allegation. This document shall not be provided to the appellant. It shall be kept in the appeal file in the Appeals Office and no other copies shall be kept or maintained except as herein described or as needed for Third Level review or litigation. This document is strictly confidential to all inmates and any staff except those involved in the inquiry process or litigation involving the department.

**2.** The accused staff may review the confidential report in the appeals office upon approval of the litigation coordinator, but if any information relating to other staff is contained in the confidential document, a copy shall be made and that information redacted prior to the review. Neither the original nor the copy shall leave the appeals office except as required for litigation and any redacted copy shall be placed with the original after review.

**3.** The assigned reviewer will interview the appellant and as many witnesses as necessary to reach a determination concerning the allegation. The subject(s) of the staff complaint may be interviewed by a person trained to conduct administrative interviews and will be given notice of the interview at least 24 hours prior to the interview. If the subject chooses to waive the 24-hour requirement, he/she must indicate this at the time they are given notice. If waived, the subject may be interviewed immediately.

**4.** A confidential inquiry shall review the information available to determine whether policy was violated.

(4) The institution's appeal response to a staff complaint shall inform the appellant of either:

(A) The referral for investigation and the status of the investigation. Additionally, the appellant shall be notified of the outcome at the conclusion of the investigation.

(B) The decision to conduct a confidential inquiry and whether the findings determined that the staff in question did or did not violate departmental policy with regard to each of the specific allegation(s) made.

(5) A staff complaint alleging excessive or inappropriate use of force shall be addressed pursuant to the procedures described in sections 3268 through 3268.2.

(6) An appeal alleging staff misconduct by an appeals coordinator shall be reviewed by the hiring authority for determination of processing.

(j) Appeal to the DRB of transfer decision to place an inmate in the RCGP.

(1) An inmate may appeal an ICC decision to the DRB when ICC determines placement in a RCGP facility is appropriate based on the inmate being found guilty of: three serious STG related; or five administrative STG related; or a total of five serious and administrative STG related rules violation reports while housed in the Security Housing Unit (SHU) Step Down Program (SDP).

(2) The appellant shall use a CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, to describe the specific issue under appeal. A CDCR Form 602-A (08/09), Inmate/Parolee Appeal Form Attachment, shall be used if additional space is needed to describe the issue under appeal or the relief requested. Such appeals shall bypass the first and second levels of review.

(3) The appellant shall submit the appeal within 30 days of receiving the CDC Form 128-G, (Rev. 10/89) Classification Chrono, in which the ICC decision is documented.

(4) The appellant shall mail the appeal and supporting documents to the third level Appeals Chief via the United States mail service utilizing his or her own funds, unless the appellant is indigent in which case the mailing of appeals to the third level of review shall be processed in accordance with indigent mail provisions pursuant to section 3138.

(5) The Appeals Chief or designee shall log the appeal and forward to the Chief, Classification Services Unit (CSU) for response.

(6) The Chief, CSU shall review the materials provided and prepare the appeal for discussion with the DRB.

(7) The DRB will review the inmate's disciplinary history which caused placement in RCGP, pursuant to section 3378.9 and determine whether removal from the SHU SDP and transfer to the RCGP was appropriate. An appearance before the DRB by the inmate is not required for a determination on such an appeal.

(8) The decision of the DRB shall be documented on the CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal and returned to the Appeals Chief where it will be logged and forwarded to the inmate.

## Statutory Authority

**AUTHORITY:**

Note: Authority cited: *Section 5058, Penal Code*; and *Section 6304.3, Labor Code*. Reference: *Sections 148.6, 832.5, 832.7, 832.8, 5054 and 5058.4, Penal Code*; *Sections 935.6, 965, 3300-3313, 19570-19575.5, 19583.5 and*

*19635, Government Code*; *Sections 98.7 and 6304.3, Labor Code*; *Sections 337, 338 and 339, Code of Civil Procedure*; Sections 344.40, 344.41, 344.42 and 344.43, Title 8, Industrial Relations, California Code of Regulations; Americans With Disabilities Act, Public Law 101-336, July 26, 1990, *104 Stat. 328;* Civil Rights of Institutionalized Persons Act; Title *42 U.S.C. Section 1997* et seq., Public Law 96-247, *94 Stat. 349; 28 CFR Sections 35.107* and *115.52*; *Wolff v. McDonnell (1974) 418 U. S. 539, 558-560;* and *Vasquez v. State of California, 105 Cal.App.4th 849 (2003)* as implemented by the Stipulated Injunction and Order entered by the Superior Court of San Diego County in Case No.GIC-740832.

# History

HISTORY:

1. New section filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 12-13-2010 order, including repealer of subsection (a)(5), transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

3. New subsections (a)(5)-(a)(5)(B)7. and amendment of Note filed 10-20-2016; operative 10-20-2016 pursuant to *Government Code section 11343.4(b)(3)* (Register 2016, No. 43).

4. New subsections (j)-(j)(8) filed 10-9-2017 as an emergency; operative 10-9-2017 (Register 2017, No. 41). Pursuant to *Penal Code section 5058.3*, a Certificate of Compliance must be transmitted to OAL by 3-19-2018 or emergency language will be repealed by operation of law on the following day.

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright © 2021 by Barclays Law Publishers All rights reserved

**End of Document**