UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUNTER D. THESUS,<br><br>            Plaintiff,<br><br>   v.<br><br>S. RAMOS, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00593-DAD-BAK (EPG) (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT: (1) THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE; AND (2) ALL OUTSTANDING MOTIONS BE DENIED AS MOOT<br><br>(ECF Nos. 48, 49)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Gunter D. Thesus is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This action proceeds on Eighth Amendment excessive force claims against Correctional Officers ("CO") S. Ramos, J. Gonzalez, D. Garcia, and D. Negrete.[1]  (ECF Nos. 13, 17.)

On September 23, 2021, Defendants Gonzalez, Garcia, and Negrete filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies before filing suit.  (ECF No. 48.)  Defendant Ramos filed a separate motion for summary judgment, also based on non-exhaustion of remedies.  (ECF No. 49.)  In accordance with Local Rule 260(a), the motions were accompanied by statements of undisputed facts, supported by the Declaration of J. Stone, Grievance Coordinator at CCI.  (ECF No. 48-2.); *see* Fed. R. Civ. P. 56(c)(1)(A).

---
[1] Upon screening of the complaint, the Court dismissed claims against a fifth defendant, Sgt. Ybarra.  (*See* ECF No. 17.)

Defendant Ramos provided Plaintiff a notice of a motion for summary judgment citing to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 230(*l*).[2] Local Rule 230(*l*) provides:

> Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

*Id*.

A *pro se* litigant is bound by the Federal Rules Civil Procedure and the Local Rules of this Court, and all obligations placed on attorneys apply to unrepresented parties. L.R. 183(a). Therefore, the *pro se* Plaintiff must follow the rules governing summary judgment motions. The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Soto*, 882 F.3d at 872.

Despite Defendant Ramos's *Rand* warning and the requirements of Federal Rule of Civil Procedure 56 and Local Rule 230(*l*), Plaintiff did not file responses in opposition or a statement of no opposition within twenty-one days. After affording Plaintiff additional time to respond, on October 25, 2021, the Court entered an order directing Plaintiff to file responses to the Defendants' motions for summary judgment within twenty-one days and warned: "The failure to do so will result in consideration of each motion without the benefit of a response." (ECF No. 50.)

More than twenty-one days passed, and Plaintiff failed to comply with the Court's order by filing responses in opposition and to prosecute the case. Under Federal Rule of Civil Procedure 56(e), where a party fails to address another party's assertion of fact, the court may

---

[2] This warning is minimally sufficient under *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998). The notice to Plaintiff submitted by Defendants Gonzalez, Garcia, and Negrete was inadequate to satisfy the requirements of *Rand*. However, given the warning provided by Defendant Ramos and the Court's directive to file a response and warning, (*see* ECF No. 50), the Court finds that Plaintiff was on notice of the consequences of failure to file responses in opposition.

2

give an opportunity to address the fact; consider the fact undisputed; grant summary judgment if the movant is entitled; or "issue any other appropriate order." Fed. R. Civ. P. 56(e)(1)–(4). Here, the Court gave Plaintiff a second opportunity by directing him to respond to Defendants' factual assertions. (*See* ECF No. 50.) Because of Plaintiff's failure to comply with this order and advance the litigation, the Court finds it appropriate to recommend entry of an order dismissing this action without prejudice for failure to comply with a court order and failure to prosecute.

In determining whether to dismiss an action for failure to comply with a court order or failure to prosecute, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642. Here, Plaintiff's failure to respond to Defendant's motion for summary judgment, despite being ordered to do so by the Court, is consuming the Court's limited time. It is also delaying resolution of this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *Id.* at 643, and Plaintiff's repeated failure to respond to Defendants' motions for summary judgment caused a delay in this case. Therefore, the third factor weighs in favor of dismissal.

Lesser sanctions than dismissal would not be satisfactory to protect the Court from further unnecessary expenditure of its scarce resources. Plaintiff has chosen not to prosecute this action by opposing Defendants' motions for summary judgment and has failed to comply with a court order, despite being warned of possible dismissal. Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions would be of little use. Plaintiff has apparently decided to stop prosecuting this case, so excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.* (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998*).*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed without prejudice because of Plaintiff's failure to comply with a court order and to prosecute this case;

2. All outstanding motions be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 13, 2022**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE